# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____

### No. 14-4467

_____


### UNITED STATES OF AMERICA

Plaintiff-Appellee,

vs.

### CLIFTON FARRELL PERRY

Defendant-Appellant.

_____

On Appeal from the United States District Court
For the Middle District of North Carolina at Winston-Salem

Honorable Thomas D. Schroeder U.S. District Judge

No. 1:13-cr-00005-1


_____


### BRIEF ON APPEAL OF
### CLIFTON FARRELL PERRY

_____

Submitted by:

MARTIN J. BERES, (P-26407)
**Attorney for Defendant-Appellant**
**Clifton Farrell Perry**
**42211 Garfield Road, #146**
**Clinton Township, Michigan 48038**
**(586) 260-8373**

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS..................................................................................i

TABLE OF AUTHORITIES ...................................................... iii

NATURE OF THE BRIEF ..........................................................1

STATEMENT REGARDING ORAL ARGUMENT  ...............................................2

SUBJECT MATTER AND APPELLATE JURISDICTION..................................2

ISSUES PRESENTED FOR REVIEW ...................................................3

STATEMENT OF FACTS AND OF THE CASE ...................................................4

SUMMARY OF ARGUMENT ...............................................6

LEGAL ARGUMENT.....................................................................7

I.    Whether the record reflects that Mr. Perry plea of guilty pursuant to a Rule 11 Plea Agreement was knowing, understanding and voluntary?..............7

II.    Whether counsel was ineffective where he failed to advise Mr. Perry that he had a valid defense of voluntary intoxication to the charge of Bank Robbery under 18 U.S.C. § 2113(a)?..………………………………………..11

III.    Whether Mr. Perry's 151 month sentence within the advisory Guidelines was procedurally and substantively reasonable?……………..……14

IV.    Whether Mr. Perry's current appeal is subject to dismissal for failure to timely file a notice of appeal?……………………………...…………17

V.    Whether Mr. Perry has a valid claim of ineffective assistance of trial counsel for failure to file a notice of appeal?…………..……………….…..…19

## **TABLE OF CONTENTS (Continued)**

**Page**

CONCLUSION AND REASONS FOR *ANDERS* BRIEF.......................................21

CERTIFICATE OF COMPLIANCE........................................................................23

CERTIFICATE OF SERVICE ..............................................................................23

CERTIFICATE OF SERVICE OF *ANDERS* BRIEF

# <u>TABLE OF AUTHORITIES</u>

**FEDERAL CASES**                                                                                    **Page(s)**

*Blackledge v. Allison,* 431 U.S. 63 (1977)................................................................9

*Brady v. United States,* 397 U.S. 742 (1970)...........................................................9

*Carter v. United States,* 530 U.S. 255 (2000)........................................................12

*Chaidez v. United States,* 133 S.Ct. 1103 (2013) ..................................................19

*Eberhart v. United States,* 546 U.S. 12 (2005)......................................................18

*Gall v. United States,* 552 U.S. 38 (2007) .............................................................14

*Henderson v. Morgan,* 426 U.S. 637 (1976) ...........................................................9

*Mabry v. Johnson,* 467 U.S. 504 (1984)..................................................................9

*Massaro v. United States,* 538 U.S. 500 (2003) ....................................................20

*Peterson v. Douma,* 751 F.3d 524 (7th Cir. 2014)..................................................13

*Real v. Shannon,* 600 F.3d 302 (3rd Cir. 2010) .....................................................13

*Roe v. Flores-Ortega,* 528 U.S. 470 (2000)...........................................................20

*Strickland v. Washington,* 466 U.S. 668 (1984) ........................................11, 12, 13

*United States v. Brockman,* 2014 WL 2937921 (4th Cir. 2014)) ...........................18

*United States v. Benton,* 523 F.3d 424 (4th Cir. 2008)..........................................19

*United States v. Bernard,* 708 F.3d 583 (4th Cir. 2013)........................................19

*United States v. Bundy,* 392 F.3d 641 (4th Cir. 2004)...........................................11

*United States v. Carter,* 355 F.3d 920 (6th Cir. 2004) ..........................................13

*United States v. Carter,* 564 F.3d 325 (4th Cir. 2009) ..........................................15

*United States v. DeFusco,* 949 F.2d 114 (4th Cir. 1991)..........................................7

*United States v. Dominguez Benitez,* 542 U.S. 74 (2004) ......................................10

## TABLE OF AUTHORITIES (Continued)

**FEDERAL CASES**                                                          **Page(s)**

*United States v. Fazzini,* 871 F.2d 635 (7th Cir. 1989) .............................................13

*United States v. Gracidas-Ulibarry,* 231 F.3d 1188 (9th Cir. 2000) (en banc).......12

*United States v. Lewis,* 780 F.2d 1140 (4th Cir. 1986).............................................13

*United States v. Martinez,* 277 F.3d 517 (4th Cir. 2002)......................................7, 9

*United States v. Moussaoui,* 591 F.3d 263 (4th Cir. 2010) ....................................11

*United States v. Oakie,* 12 F.3d 1436 (8th Cir. 1993) ..............................................13

*United States v. Orozco,* 2014 WL 3703526 (4th Cir. 2014) ....................................7

*United States v. Peak,* 992 F.2d 39 (4th Cir. 1993) ..................................................19

*United States v. Perry,* 518 F.3d 740 (10th Cir. 2008)............................................18

*United States v. Richardson,* 195 F.3d 192 (4th Cir. 1999) ....................................20

*United States v. Sewell,* 252 F.3d 647 (2nd Cir. 2001)............................................12

*United States v. Smith,* 640 F.3d 580 (4th Cir. 2011)................................................9

*United States v. Vonn,* 535 U.S. 55 (2002) ..........................................................7, 10

*United States v. Witherspoon,* 231 F.3d 923 (4th Cir. 2000)..................................20

*United States v. White,* 670 F.3d 498 (4th Cir. 2012).............................................12


**FEDERAL STATUTES**

18 U.S.C. § 2113(a), .........................................................................................8, 12

18 U.S.C. § 3553(a) ...............................................................................................14

28 U.S.C. § 2255 ............................................................................................passim

## <u>TABLE OF AUTHORITIES (Continued)</u>

**FEDERAL RULES AND SENTENCING GUIDELINES PROVISION**          **Page(s)**

Fed. R.Crim. P. 11(b) .................................................................................7, 9

Fed. R.Crim. P. 11(c) ....................................................................................9

Fed. R.Crim. P. 52(b) ....................................................................................7

Fed.R.App. P. 4(b) ...........................................................................17, 18, 19

U.S.S.G. §4B1.1 .........................................................................................16

## <u>NATURE OF THE BRIEF</u>

This brief is submitted to the Court pursuant to the holding of *Anders v. California*, 386 U.S. 738 (1967).

Counsel, after a careful examination of the pleadings, files, and record in this matter has determined that there is no meritorious claim on appeal or remedy that this Court is able to grant appellant Clifton Farrell Perry for the reasons that will be discussed in the legal arguments below.

Counsel has set forth below the arguments that have been raised for counsel's consideration by Mr. Perry, and any that may present an arguable basis for relief from the record. Should the Court, after its own review of the record, determine that briefing on additional issues is necessary, counsel stands ready to provide that briefing.

Counsel has advised Mr. Perry in writing of the nature of this brief and has informed him that the Court will give him the opportunity to file his own brief, as indicated by the *Anders* statement submitted with this brief. Counsel has also served a copy of this brief upon the Mr. Perry, as is indicated in the certificate of service.

## STATEMENT REGARDING ORAL ARGUMENT

Counsel files this brief pursuant to *Anders v. California,* 386 U.S. 738 (1967). He believes that he issues contained in this brief are straightforward and does not believe that oral is necessary or that it would assist the Court in its decision making process.

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

Subject matter jurisdiction in this cause was vested in the United States District Court for the Middle District of North Carolina, at Winston-Salem, upon the filing of an indictment on January 28, 2013, naming the United States of America as Plaintiff and Clifton Farrell Perry, Defendant by virtue of 18 U.S.C. § 323l, which grants original jurisdiction to the district courts over all offenses against the laws of the United States.

Appellate jurisdiction of this cause is vested in this Court upon filing of a notice of appeal by Defendant-Appellant Clifton Farrell Perry, on June 11, 2014, from a judgment of sentence entered on September 19, 2013, by virtue of 28 U.S.C. § 1291, and Fed.R.App.P. 3 and 4(b), which grants the Circuit Court of Appeals jurisdiction to review all final decisions of the district courts. This appeal is from a judgment disposing of all claims with respect to all parties.

## <u>ISSUES PRESENTED FOR REVIEW</u>

**I.**

Whether the record reflects that Mr. Perry plea of guilty pursuant to a Rule 11 Plea Agreement was knowing, understanding and voluntary?

**II.**

Whether counsel was ineffective where he failed to advise Mr. Perry that he had a valid defense of voluntary intoxication to the charge of Bank Robbery under 18 U.S.C. § 2113(a)?

**III.**

Whether Mr. Perry's 151 month sentence within the advisory Guidelines was procedurally and substantively reasonable?

**IV.**

Whether Mr. Perry's current appeal is subject to dismissal for failure to timely file a notice of appeal?

**V.**

Whether Mr. Perry has a valid claim of ineffective assistance of trial counsel for failure to file a notice of appeal?

## STATEMENT OF FACTS AND OF THE CASE

On September 28, 2012, at approximately 9:34 a.m., the Branch Banking and Trust Bank (BB&T) located on West Market Street in Greensboro, North Carolina was robbed by a black male.  The perpetrator, later identified as Defendant-Appellant, Clifton Farrell Perry, entered the bank holding a white cloth over his lower face, approached the teller and put a white grocery bag on the counter stating, "Put the money in the bag or I will start shooting."  The teller did not see a weapon at any time but said Perry told her, "I have a gun, I will use it if you don't do what you are told."  The teller took $186 in bank funds and a dye pack and put them in the plastic bag and Mr. Perry fled the bank. Presentence Investigation Report (PSR), ¶¶3, 7 pp. 3-4).

A responding police officer was flagged down by a citizen who indicated that he had seen Mr. Perry walking on Greene Street with pink smoke coming from his pants and asked him what had happened.  Mr. Perry told him he did not know and continued walking.  Another witness found dye-stained money in the alley behind Greene Street that was seized by the police.  Additional dye-stained $5 dollar bills were found along with a pair of khaki pants and a white shopping bag in a nearby trash can.  Officers obtained surveillance camera footage from a local business that showed a man changing clothes in the alley (PSR), ¶¶4-5, pp. 3-4).

4

Officers located Mr. Perry nearby with visible red dye on his face, hands, and clothing.  Money located in his pants pocket was covered with red dye.  A total of $119.72 was recovered.  Mr. Perry was arrested and when interviewed, admitted that he went into the bank with a white rag over his face and told the teller to "put the money in the bag."  He denied that he ever made reference to a gun or shooting. After he left the bank, the dye pack exploded.  Mr. Perry went into an alley, changed his clothes and put the dye-stained clothes into a trash can.  He stated the red on his clothing and hands came from the exploding dye pack. (PSR, ¶¶6-7, p. 4).¶

On January 28, 2013, a grand jury for the Middle District of North Carolina returned a single-count indictment against Mr. Perry, charging him with bank robbery, in violation of 18 U.S.C. § 2113(a) (Docket Entry "D.E." #1).  On April 10, 2013, Mr. Perry pled guilty to the principal charge, pursuant to a written Rule 11 Plea Agreement, (D.E. #11) before U.S. District Judge Thomas D. Schroeder (Tr., Change of Plea hearing, 4/10/13, pp. 15-18).  On August 28, 2013, Mr. Perry was sentenced to a term of 151 months in prison to be followed by three years supervised release (Tr., Sentencing, 8/28/13, pp. 15-17; D.E. #16, Judgment).  On June 11, 2014, a letter was received from Mr. Perry by the clerk of the district court inquiring as to the status of his appeal that was construed as a notice of appeal (D.E. #22). Further facts will be developed in the legal argument portion of this brief.

## SUMMARY OF ARGUMENT

Counsel submits this brief under authority of *Anders v. California,* 386 U.S. 738 (1967). As required by *Anders* and this Court, in this brief counsel sets forth the most plausible arguments available to the Defendant on direct appeal from the record and those that Mr. Perry has indicated a concern about to counsel. The first most plausible issue is whether Mr. Perry entered an unknowing and involuntary plea of guilty because he did not completely understand the nature and consequences of his plea of guilty.

A second arguable issue, raised by Mr. Perry, is whether his trial counsel was ineffective because he failed to defend Mr. Perry against the charge of bank robbery by failing to use the defense of voluntary intoxication. Mr. Perry indicates he was high on crack cocaine at the time he robbed the bank.

A third plausible issue discussed below, is whether Mr. Perry's within Guidelines sentence of 151 months was procedurally and substantively reasonable. A fourth issue addresses whether Mr. Perry's current appeal is subject to dismissal for failure to timely file a notice of appeal, and a fifth issue discusses whether Mr. Perry has a valid claim of ineffective assistance of trial counsel for failure to file a notice of appeal.

6

## LEGAL ARGUMENT

**I.      Whether the record reflects that Mr. Perry plea of guilty pursuant to a Rule 11 Plea Agreement was knowing, understanding and voluntary?**

## Standard of Review:

Where a defendant did not challenge his guilty plea in the district court, the validity of a plea of guilty is reviewed on appeal for plain error. Fed.R.Crim.P. 52(b); *United States v. Vonn,* 535 U.S. 55, 59 (2002); *United States v. Martinez,* 277 F.3d 517, 525 (4th Cir. 2002).

## Discussion:

Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that he comprehends, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, any mandatory minimum penalty, and the rights he is relinquishing by pleading guilty. Fed.R.Crim.P. 11(b)(1); *United States v. Orozco*, ___ Fed.Appx. ___, 2014 WL 3703526 *1 (4th Cir. 2014), citing *United States v. DeFusco,* 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea is voluntary, supported by an independent factual basis, and not the result of force, threats, or promises outside the plea agreement. Fed.R.Crim.P. 11(b)(2), (3). *DeFusco,* 949 F.2d at 117, 119. The factual basis need not be established during the plea colloquy; rather, it may be established "from anything that appears on the record." *Id* at 120.

7

 **Mr. Perry's Change of Plea Hearing, April 10, 2013:**

At his change of plea hearing, Mr. Perry affirmed that he had met with his attorney and fully discussed the charge explored all options including any potential defenses to the charge.  He indicated that he was satisfied with the legal representation and advice he had been provided to him by trial counsel, and that he read, fully understood, and signed the written plea agreement (Tr., Change of Plea hearing 4/10/13, p. 3-6).  The Court had defense counsel read each of the important provisions in the plea agreement and asked and received Mr. Perry's acknowledgement that he understood each.  Mr. Perry agreed that the recitation on the record was in fact his complete agreement with the government and that he had understood it and had no questions about it *Id.* pp. 7-9.  The Court informed him of the nature of the charges, the maximum sentence and the consequences of his plea, about the advisory Sentencing Guidelines calculations and the sentencing procedure. The court then detailed the trial rights he would be waiving by pleading guilty. *Id.*, pp. 9-15.

U.S. District Judge Thomas D. Schroeder, found Mr. Perry to be competent to tender his plea and found his plea to be knowing, intelligent, and voluntary.  The court accepted Mr. Perry' plea found an independent factual basis for the plea and adjudged him guilty of the offense of bank robbery in violation of 18 U.S.C. § 2113(a). *Id.*, pp. 15-18.

8

**<u>Legal Analysis:</u>**

A plea of guilty is valid if it is entered knowingly, voluntarily, and intelligently, as determined under the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 748-749 (1970); *United States* v. *Smith*, 640 F.3d 580, 587 (4th Cir. 2011). The Constitutional requirement for a valid plea is that the defendant be informed of all direct consequences of his plea. *Brady,* 397 U.S. at 755. Under Fed.R.Crim.P. 11(c), the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the core constitutional rights he is waiving. The court in the instant matter complied with these requirements. The Supreme Court has observed that a solemn declaration of guilt by the defendant carries a presumption of truthfulness. *Blackledge v. Allison,* 431 U.S. 63, 74 (1977); *Henderson v. Morgan,* 426 U.S. 637, 648 (1976). A defendant's plea such as the one in this matter would be given full credit and upheld. "Where the defendant was fully aware of the likely consequences when he pleaded guilty, it is not unfair to expect him to live with those consequences." *Mabry v. Johnson,* 467 U.S. 504, 511 (1984).

Based on the record of the change of plea hearing, the district court engaged in a proper colloquy under Fed. R.Crim. P. 11(b)(1). The district court by direct questioning of Mr. Perry, informed him of the both the terms and conditions of his

9

plea agreement and all of the potential sentencing consequences of tendering a plea of guilty. The court thus, insured that Mr. Perry' plea was knowing and voluntary.

When given the opportunity to ask any questions about the plea agreement, or to dispute or object to any of the statements made at the change of plea hearing, or express any different understanding of his situation or to express any other concerns, Mr. Perry made no objections nor voiced any disagreement to the district court. The court was thus justified in concluding that his plea and sentencing proceedings were conducted to his satisfaction.

Because Mr. Perry did not move in the district court to withdraw his guilty plea, any claim on appeal would be reviewed for plain error. *Vonn,* 535 U.S. at 58; *Martinez,* 277 F.3d at 525. To satisfy the plain error standard, the defendant must show that he would not have pled guilty but for that error. *Id*. at 532. See also, *United States v. Dominguez Benitez,* 542 U.S. 74, 76 (2004), "a defendant is obliged to show a reasonable probability that, but for the error, he would not have entered the plea."

Because Mr. Perry was literally caught "red handed" with the spoils of the bank robbery and red dye all over his body from the exploding dye-pack, was observed during and after the robbery by eyewitnesses, and on video camera, and after being Mirandized, voluntarily confessed to his involvement in the robbery, it is unlikely that he would have had a valid defense to the charge or that there would have been a reasonable probability that he would have insisted on going to trial. By

10

doing so he would have lost the three point reduction for acceptance of responsibility in the scoring of his advisory Guidelines.  Moreover, he was sentenced at the bottom of his Guidelines range.  The record discloses no error, let alone or any plain error or valid jurisdictional defense that would have survived his plea.  "When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea." *United States v. Bundy,* 392 F.3d 641, 644 (4th Cir. 2004). "…the defendant who has pled guilty has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea or the government's power to bring any indictment at all." *United States v. Moussaoui,* 591 F.3d 263, 279 (4th Cir. 2010).  Here the record discloses that Mr. Perry's plea of guilty was knowing, voluntary and understanding and there was no jurisdictional impediment to his prosecution for bank robbery.

**II.      Whether counsel was ineffective where he failed to advise Mr. Perry that he had a valid defense of voluntary intoxication to the charge of Bank Robbery under 18 U.S.C. § 2113(a)?**

**<u>Standard of Review:</u>**

To establish ineffective assistance of counsel, a defendant must show that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance was prejudicial. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The reasonableness of counsel's performance must be evaluated within the context of the circumstances at the time of the alleged error, rather than

with the benefit of hindsight. *Id*. at 690. To satisfy the second prong of *Strickland*, a defendant must show a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id*. at 694.

**<u>Discussion:</u>**

Mr. Perry suggests that his trial counsel was ineffective for failing to advance an intoxication defense on his behalf to the bank robbery charge.  He indicates he was on a three day crack cocaine binge prior to the robbery and was high to the extent that he did not know what he was doing, does not remember the details of the robbery and therefore could not have had the intent required to commit the crime (PSR, ¶47, p. 13).

The U. S. Supreme Court has held that the crime of bank robbery under 18 U.S.C. § 2113(a) is a general intent crime. *Carter v. United States,* 530 U.S. 255, 268 (2000).  A general intent crime does not require that the defendant intend the precise purpose or results of the crime but only that the defendant intentionally engage in the *actus reus* of the crime. *United States v. White,* 670 F.3d 498, 508 (4th Cir. 2012).

Voluntary intoxication is not a defense to a general intent crime. See, *United States v. Sewell,* 252 F.3d 647, 650 (2nd Cir. 2001), citing, *United States v. Gracidas-Ulibarry,* 231 F.3d 1188, 1196 (9th Cir. 2000) (en banc); *United States v.*

12

*Oakie,* 12 F.3d 1436, 1442 (8th Cir. 1993); *United States v. Fazzini,* 871 F.2d 635, 641 (7th Cir. 1989); *United States v. Lewis,* 780 F.2d 1140, 1143 (4th Cir. 1986).

The facts in *Sewell* were similar to Mr. Perry's. The defendant attempted to introduce evidence that he was intoxicated and under the influence of crack cocaine that he had smoked continuously since the day prior to the bank robbery. The police quickly apprehended him after the robbery and noticed that Sewell acted irrationally and incoherently. The Court held that because voluntary intoxication is not a defense to the crime of bank robbery his attempts to introduce evidence of it at trial was properly excluded by the district court as irrelevant and inadmissible. *Sewell,* 252 F.3d at 651.

Based on the overwhelming weight of case law authority, Mr. Perry's trial counsel could not have been ineffective for failing to advance the invalid defense of voluntary intoxication from crack cocaine to the bank robbery charge. "…The Sixth Amendment does not require counsel ... to press meritless arguments before a court." *Peterson v. Douma,* 751 F.3d 524, 533 (7th Cir. 2014) (citation omitted); *Real v. Shannon,* 600 F.3d 302, 309 (3rd Cir. 2010) (counsel not ineffective for failing to raise a meritless argument) (citation omitted).

Advocating a defense with no chance of success could not possibly prejudice the outcome of the proceedings. *United States v. Carter,* 355 F.3d 920, 924 (6th Cir. 2004), citing *Strickland*, 466 U.S. at 691-92.

13

### III.     Whether Mr. Perry's 151 month sentence within the advisory Guidelines was procedurally and substantively reasonable?

**Standard of Review:**

This Court reviews a question of whether a sentence is reasonable, applying an abuse of discretion standard. *Gall v. United States,* 552 U.S. 38, 46 (2007). The Court first reviews for significant procedural error, and if the sentence is free from such error, it then considers substantive reasonableness. *Id.* at 51. Procedural error includes improperly calculating the Sentencing Guidelines range, treating the Guidelines range as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, and failing to explain adequately the selected sentence. *Id.* Substantive reasonableness is determined by considering the totality of the circumstances. If the sentence is within the properly-calculated Guidelines range, it is accorded a presumption of reasonableness. *United States v. Strieper,* 666 F.3d 288, 295 (4th Cir. 2012).

**Discussion:**

**Sentencing Hearing, August 28, 2013:**

At sentencing, defense counsel indicated that he went over the Presentence Investigation Report (PSR) with Mr. Perry (Tr. Sentencing, 8/28/13, pp. 2-3). Judge Schroeder accurately calculated Mr. Perry advisory Guidelines range, to be 151-188 months, based on an adjusted offense level of 29 and criminal history category of VI

14

and a supervised release range of 1-3 years. There were no objections by either party to the Guidelines calculation or the facts contained in the PSR. *Id.*, p. 3.

Both the defense counsel and Mr. Perry to addressed the court in lengthy allocution. *Id.,* pp. 4-13. The government opposed defendant's motion for a variant sentence. *Id.,* pp. 14-15.

The court denied the variance motion and articulated its reasons for imposing a 151 prison sentence to be followed by three years supervised release. *Id.,* pp. 15-17. In doing so the district court made an "individualized assessment" by applying the relevant § 3553(a) factors to the case's specific circumstances sufficiently adequate to allow meaningful appellate review. *United States v. Carter,* 564 F.3d 325, 328, 330 (4th Cir. 2009). The court stated:

> THE COURT: All right. Thank you.
>
> I have taken the guidelines into account on an advisory basis. Mr. Perry's guideline range is 151 to 188 months. I have considered all the 3553(a) factors in determining a sentence, and the sentence that I will impose is that which, in my view, is sufficient but not greater than necessary to meet the sentencing objectives of Section 3553(a) and any sentencing objectives that may apply as well under the advisory guidelines.
>
> I am going to impose 151 months. That's the low end of the guideline range in this case. The reasons for that are as follows:
>
> In looking at the nature and circumstances of the offense, this is -- or was a bank robbery with threats of intimidation. There was a threat, as indicated in paragraph 8, that the defendant said he had a gun and that "I will use it if you don't do what you are told." I understand that he doesn't remember that, but he was also in a crack-induced state at the time. So this was a dangerous situation. It's one that puts fear into the hearts of the people who work at the bank as well as everybody else who is trying to conduct business at the bank.

15

This is also your fourth bank robbery conviction, and that's the biggest problem you are facing. You were convicted of three of them previously in this very court and sentenced to 57 months of imprisonment and then had additional sentences because you violated your supervised release. So you had two separate occasions you were sent back to prison because you were violating supervised release, including a failure to attend treatment classes on the second violation. You have a previous robbery conviction as well, robbing a person.

So I have considered the need to protect the public given your multiple bank robberies. They may be related to your drug use, but you are a danger to the public because of that, and I've got to protect the public. And I am also concerned about deterring any future criminal conduct because you've been convicted before, served substantial prison time, including your supervised release violations, and that didn't seem to dissuade you from engaging in this conduct.

You do have a drug problem, and I am going to recommend to the Bureau of Prisons that you get treatment for that. I will recommend the most intensive form of drug treatment for that; but I've considered your crack use, not for the fact or length of your sentence, but for Bureau of Prisons' recommendations and supervised release.

I have also noted the need to promote respect for the law because this is your second federal conviction for bank robbery, that is, second appearance in federal court. Your first conviction had three bank robberies.

The reason I'm giving a low-end guideline sentence and the reason I arrived at 151 months is, in part, because you didn't use any weapon here. So even though you threatened injury to people, you didn't, in fact, have any weapon with you. You have your GED, and that's a mitigating factor. You do have some employment, and so those factors helped, in my view, to provide a low-end sentence.

So while I understand you've made an argument for a variance below that, those are the reasons why I have determined that I am not going to be imposing a variant sentence below that.

So if you would stand, Mr. Perry, it's ordered that you be committed to the custody of the United States Bureau of Prisons for 151 months. That will be followed by a period of 3 years of supervised release.

Tr., Sentencing, 8/28/13, pp. 15-17

16

The court made recommendations to the BOP, discussed fines, costs and restitution, and set forth the terms and conditions of supervised release. *Id.,* pp. 18-19. There were no objections voiced to the sentence imposed by either party. Mr. Perry's "career criminal" designation to a level VI criminal history pursuant to U.S.S.G. §4B1.1, was accurate given his two prior crimes of violence (three prior bank robberies, two of the same bank involved in this case in 2001 and 2002, PSR ¶30, p. 9) and a felony common law robbery in 1996 (PSR, ¶29, p. 8), with the current charge also being a crime of violence (bank robbery). There were no Guidelines scoring errors.

The district court exercised its discretion in denying a variant sentence and properly articulated its reasons for imposing the 151 month sentence which was at the bottom of the advisory Guidelines range. Because a sentence within the correctly scored advisory Guidelines is presumptively reasonable, there is no legal basis to argue that Mr. Perry's sentence was either procedurally or substantively unreasonable.

## IV.     Whether Mr. Perry's current appeal is subject to dismissal for failure to timely file a notice of appeal?

## Standard of Review:

The Fourth Circuit Court of Appeals will dismiss an appeal for lack of jurisdiction where the government invokes Fed.R.App. P. 4(b) for a defendant's

17

untimely filing of a notice of appeal. *United States v. Brockman,* 2014 WL 2937921, *1 (4th Cir. 2014).

**<u>Discussion:</u>**

Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A), a defendant in a criminal case has fourteen days from the entry of the district court's judgment to timely file his notice of appeal. *United States v. Brockman,* ___ Fed.Appx.___; 2014 WL 2937921, at *1. Upon a finding of excusable neglect or good cause, however, the district court may extend the time to file a notice of appeal for up to thirty days. Fed. R.App. P. 4(b)(4). While Rule 4(b)'s time limitations are not jurisdictional, this Circuit has consistently adhered to the view that they "must be enforced ... when properly invoked by the [G]overnment." *Brockman,* 2014 WL 2937921, *1, quoting, *United States v. Perry,* 518 F.3d 740, 744 (10th Cir. 2008), which in turn quoted *Eberhart v. United States,* 546 U.S. 12, 19 (2005) ("These claim-processing rules thus assure relief to a party properly raising them."). This means that if the government invokes Rule 4(b) by requesting that the court dismiss the appeal as untimely this Court will dismiss the appeal for lack of jurisdiction. *Brockman,* 2014 WL 2937921, *1

Mr. Perry's judgment was entered on the district court docket on September 19, 2013, (D.E. #16) making the last date for filing of a notice of appeal October 3, 2013. A notice of appeal was not filed in that time period, nor was there a request

for a 30 day extension of time for excusable neglect pursuant to Fed. R.App. P. 4(b)(4). Mr. Perry did not contact the district court by letter until June 11, 2014, eight months after the due date, and seven months beyond excusable neglect period (D.E. #22). Because the letter of June 11, 2014, is untimely, if the government seeks to enforce Fed.R.App. P. 4(b) this Court will dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed. Moreover, the U.S. Attorney of the Middle District of North Carolina has indicated to counsel that it will generally move to dismiss cases where the notice of appeal is untimely.

### V.    Whether Mr. Perry has a valid claim of ineffective assistance of trial counsel for failure to file a notice of appeal?

**Standard of Review:**

This Court's general policy is that claims of ineffective assistance of trial counsel are generally inappropriate for resolution on direct appeal. Where the record does not conclusively establish ineffectiveness of counsel, a defendant must assert such a claim in a motion pursuant to 28 U.S.C § 2255. *United States v. Benton,* 523 F.3d 424, 435 (4th Cir. 2008); *United States v. Bernard,* 708 F.3d 583, 593 (4th Cir. 2013); *Chaidez v. United States,* 133 S.Ct. 1103 (2013).

**Discussion:**

In *United States v. Peak,* 992 F.2d 39, 41 (4th Cir. 1993), the Court held that the Sixth Amendment obligates counsel to file an appeal when a client requests trial counsel to do so. Failure to file a notice of appeal upon timely request constitutes

ineffective assistance of counsel regardless of the likelihood of success on the merits. *Id*. at 42. Counsel who consults with the defendant and fails to follow the defendant's express instructions to appeal performs in a professionally unreasonable manner. See *Roe v. Flores-Ortega,* 528 U.S. 470, 477 (2000).

If in fact Mr. Perry did instruct his trial counsel to file a timely notice of appeal and he failed to do so, counsel was *per se* ineffective.  However, because any such attorney-client communication is not apparent from the pleadings, files, and records of the case a § 2255 evidentiary hearing is necessary to establish facts for the court to determine what occurred. 28 U.S.C. § 2255(b); *United States v. Witherspoon,* 231 F.3d 923, 925–27 (4th Cir. 2000).

The Supreme Court has held that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal."  In *Massaro v. United States,* 538 U.S. 500, 504-5 (2003), the Court explained:

> "…In light of the way our system has developed, in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance.  When an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose. Under Strickland v. Washington, 466 U.S. 668 (1984), a Petitioner claiming ineffective counsel must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial…"

See also, *United States v. Richardson,* 195 F.3d 192, 198 (4th Cir. 1999).

20

Mr. Perry's Rule 11 Plea Agreement (D.E. #11) does not prevent him from pursuing an ineffective assistance of counsel (IAC) claim in the district court under 28 U.S.C. 2255.

If Mr. Perry believes that he has a valid ineffective assistance of trial counsel claim, either for any failure to properly investigate his case or by failing to follow his instructions and file a timely notice of appeal, his plea agreement, the case law of both the Supreme Court and of this Circuit, provide him with a mechanism to prosecute his claim in a 28 U.S.C. § 2255 collateral proceedings in the district court.

**Conclusion and reasons for this *Anders* brief:**

The record of the change of plea hearing reflects that Mr. Perry entered a knowing, understanding and voluntarily plea of guilty pursuant to a written Rule 11 Plea Agreement. The district court complied with the applicable procedural rule and directly informed him of all of the rights he was waiving and obtained an adequate factual basis for the plea directly from Mr. Perry. Mr. Perry acknowledged that he consulted with his trial counsel and understood the terms and conditions of the agreement, and the consequences of his guilty plea. Under these circumstances it will be virtually impossible for Mr. Perry to succeed in having his plea set aside on appeal for plain error.

Mr. Perry's potential claim of IAC for failing to present a defense of voluntary intoxication also fails because that is not a defense to the general intent bank robbery charge.

At sentencing the district court accurately scored the Guidelines variables, determined Mr. Perry's range to be 151-188 months, and properly articulated reasons for the 151 month sentence it imposed, at the very bottom of his advisory Guidelines range. On appeal Mr. Perry's sentence is considered presumptively reasonable, and he has no apparent basis to overcome this presumption.

Because Mr. Perry or his trial counsel failed to file a timely notice of appeal, if the government invokes the rules regarding jurisdiction his appeal will be dismissed, which is likely per the policy of the U.S. Attorney's office. If in fact he did request that his trial counsel file a notice of appeal, he has a valid IAC claim, however this cannot be argued on direct appeal and must be brought in a 28 U.S.C. § 2255 proceeding.

Consequently, it appears that he has no basis upon which to pursue this direct appeal, for either his conviction or sentence, which if attempted would not succeed based on Fourth Circuit Court of Appeals case precedent. Finally, Mr. Perry may pursue an IAC claim under the provisions of 28 U.S.C. 2255, after this direct appeal is dismissed.

22

Respectfully submitted:

/s/ *Martin J. Beres*
MARTIN J. BERES, (P-26407)
Attorney for Appellant, Clifton Perry,
42211 Garfield Road, #146
Clinton Township, Michigan 48038
(586) 260-8373
mjberes@gmail.com

DATED:  **September 2, 2014**

## CERTIFICATE OF COMPLIANCE UNDER FRAP 32(a)(7)(C)

I hereby certify that this brief complies with the type-volume limitation set forth in FRAP 32(a)(7)(B). This brief contains 5,476 words composed with 14 point Times New Roman proportionally spaced type.

/s/ *Martin J. Beres*
MARTIN J. BERES

## CERTIFICATE OF SERVICE

I certify that on **September 2, 2014,** the foregoing Brief on Appeal was served on all parties or their counsel of record, specifically, Assistant U.S. Attorney Lisa B. Boggs, 101 S. Edgeworth St., P.O. Box 1858, Greensboro, North Carolina 27401, through the CM/ECF system.

I further certify that a copy of this document was served upon:

Clifton F. Perry, #21715-057
FCI Beckley
P.O. Box 350
Beaver, WV 25813

by placing a true and correct copy in the United States Mail with fully prepaid first-class postage.

/s/ *Martin J. Beres*
MARTIN J. BERES

**CERTIFICATE OF SERVICE OF ANDERS BRIEF ON DEFENDANT**

TO:        Defendant-Appellant

_____

_____

_____

FROM:    Counsel for Defendant-Appellant

I have reviewed the record documents in your case and have carefully reviewed the law in light of the circumstances of your case. Unfortunately, I cannot find a meritorious ground to submit to the court of appeals on your behalf. Because I find no issues of merit for your direct appeal, I am filing a brief in your case pursuant to the decision of the United States Supreme Court in <u>Anders v. California</u>, 386 U.S. 738 (1967).

As required by the Supreme Court's decision in <u>Anders</u>, I have:

[  ] provided you with a copy of the <u>Anders</u> brief; **AND**

[  ] advised you that you may file a supplemental pro se brief within 30 days.

*(If defendant had an interpreter in the district court, also complete the following):*

[  ] The substance of the <u>Anders</u> brief and your right to file a supplemental pro se brief within 30 days have been interpreted for you and communicated either over the telephone or in person; **OR**

[  ] The substance of the <u>Anders</u> brief and your right to file a supplemental pro se brief within 30 days have been translated for you and communicated in writing.

If you choose to file a supplemental pro se brief, it should be sent to the following address: Clerk, U.S. Court of Appeals for the Fourth Circuit, 1100 East Main Street, Suite 501, Richmond, VA 23219-3517. Copies should also be served on counsel in the case.

_____     _____
     Signature                                  Date